UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BAJA TRADEMARKS, LLC, a Nevada limited liability company,

Plaintiff,

v.

HYPER BICYCLES, INC., a Massachusetts corporation, doing business as HYPER TOY COMPANY, also doing business as HYPER BIKE COMPANY; and TARGET CORPORATION, a Minnesota corporation,

Defendants.

Case No. 2:25-cv-01506-GMN-NJK

**CONSENT JUDGMENT**

The parties having agreed to entry of this Consent Judgment, the Court being fully advised, it is ORDERED, ADJUDGED, and DECREED as follows.

1. Plaintiff Baja Trademarks, LLC ("Baja") is a Nevada limited liability company.

2. Defendant Hyper Bicycles, Inc., doing business as Hyper Toy Company, also doing business as Hyper Bike Company ("Hyper"), is a Massachusetts corporation.

3. Defendant Target Corporation ("Target") is a Minnesota corporation.

4. The Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. § 1367. Venue and personal jurisdiction are proper as to each party.

5. The parties have each had a full opportunity to confer with counsel about this dispute and the terms of this Judgment, and are entering into this Judgment voluntarily. Except as expressly

stated in this Judgment, this Judgment is entered without trial or adjudication of any disputed fact or issue of law and without any admission of liability by any Defendant.

6. Solely for purposes of this Consent Judgment, and in light of the parties' stipulation, the Court finds and the parties stipulate as follows:

7. Baja owns all right, title, and interest in and to the TROPHY TRUCK mark, including U.S. Trademark Registration No. 1,880,931 for TROPHY TRUCK and U.S. Trademark Registration No. 4,883,266 for TROPHY TRUCK.

8. U.S. Trademark Registration No. 4,883,266 covers, among other goods and services, radio control cars, trucks, dune buggies, and off-road vehicles in International Class 28, and that registration became incontestable on October 2, 2021.

9. For so long as the foregoing trademarks remain live and active, Hyper agrees not to use the "TROPHY TRUCK" mark in connection with any product manufactured by Hyper, including any remote-control vehicle product or the packaging for such product.

10. Without admitting any liability or fault, Hyper agrees that entry of permanent injunctive relief is appropriate to protect Baja's rights in the TROPHY TRUCK mark.

It is therefore **ORDERED** that:

(a) As used in Paragraphs (b) through (d), "Prohibited Mark" means the TROPHY TRUCK mark as reflected in U.S. Trademark Registration No. 1,880,931 for TROPHY TRUCK and U.S. Trademark Registration No. 4,883,266 for TROPHY TRUCK, and any reproduction, counterfeit, copy, or colorable imitation thereof.

(b) Hyper, and its respective officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this Consent Judgment, are permanently enjoined and restrained from:

i. using any Prohibited Mark in connection with any remote-control vehicle, toy vehicle, off-road toy vehicle, or substantially similar product ;

ii. using any Prohibited Mark in any product title, packaging, label, advertisement, online listing, URL, source identifier, keyword, metatag, metadata, or other

promotional material in connection with any such product;

iii. registering, applying to register, acquiring, or maintaining any trademark, domain name, social media handle, or other source identifier incorporating any Prohibited Mark in connection with any such product; and

iv. representing, directly or indirectly, that any product or service is affiliated with, sponsored by, licensed by, approved by, or otherwise associated with Baja, or any product, event, or service authorized or licensed by Baja under the TROPHY TRUCK mark, when that is not true.

(c) Within ten (10) days after entry of this Consent Judgment, Hyper shall remove, or cause to be removed, any use prohibited by Paragraph (b) from all online listings and other materials within Hyper's possession, custody, or control, and shall use commercially reasonable efforts to cause Target to do the same with respect to Target-controlled online listings and materials;

(d) Within thirty (30) days after entry of this Consent Judgment, Hyper shall destroy or permanently modify all packaging, labeling, point-of-sale materials, advertisements, and other materials within their possession, custody, or control that bear any Prohibited Mark in violation of this Consent Judgment, including any remaining inventory in their possession, custody, or control.

(e) Within forty-five (45) days after entry of this Consent Judgment, Hyper shall provide Baja with a sworn written certification, executed by an authorized representative, confirming compliance with Paragraphs (b) through (d).

(f) This Consent Judgment is binding upon the parties and those persons described in Federal Rule of Civil Procedure 65(d)(2), and shall remain in effect for so long as the Prohibited Mark remains live and active.

(g) Except as otherwise provided in the parties' separate settlement agreement, each party shall bear its own attorneys' fees and costs incurred in this action through entry of this Consent Judgment.

(h) This action, and all claims asserted therein, shall be dismissed with prejudice upon Baja's filing of a notice confirming receipt of the Settlement Payment required by the parties' separate settlement agreement.

(i) Each party waives any right to appeal from this Consent Judgment.

(j) This Court retains jurisdiction over this Consent Judgment for the purpose of enforcing its terms and resolving any dispute arising under it.

(k) In the event Baja is required to bring proceedings to enforce this Consent Judgment, Baja may seek recovery of its reasonable attorneys' fees and costs incurred in connection with such enforcement proceedings.

**AGREED AND ENTRY REQUESTED**:

DATED: September 9, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *I/s/ Sean M. Sullivan*
Jeffery A. Garofalo
Sean M. Sullivan
Attorneys for Plaintiff BAJA TRADEMARKS, LLC

DATED: September 9, 2026

BLUT LAW GROUP, PC

By: */s/ Elliot S. Blut*
Elliot S. Blut
Attorneys for Defendants Hyper Bicycles, Inc. and Target Corporation

**ORDER**

**IT IS HEREBY ORDERED** that the parties' Joint Stipulation, (ECF No. 25), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Consent Judgment agreed upon by the parties is **ENTERED** with all terms as described above.

**IT IS FURTHER ORDERED** that the parties shall file either (a) the settlement and dismissal documents contemplated by the Consent Judgment or (b) a Joint Status Report advising the Court of the status of consummation of the settlement and requesting such further relief as may be appropriate no later than November 13, 2026.

IT IS SO ORDERED:

DATED this 16 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT